947 A.2d 623

IN THE MATTER OF JAMES O. ROBERSON, JR., AN ATTORNEY AT LAW.

May 14, 2008.

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 07–207, concluding that **JAMES O. ROBERSON, JR.,** formerly of **HACKENSACK,** who was admitted to the bar of this State in 1986, and who has been suspended from the practice of law since April 26, 2002, by Orders of the Court filed April 26, 2002, and May 24, 2006, should be suspended from the practice of law for a period of three years for violating *RPC* 1.15(b) (failure to promptly deliver funds to which third party is entitled), *RPC*

3.3(a) (lack of candor toward tribunal), *RPC* 8.1(b) (failure to cooperate with attorney disciplinary authorities), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and good cause appearing;

It is ORDERED that **JAMES O. ROBERSON, JR.,** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective November 25, 2006; and it is further

ORDERED that respondent shall not be reinstated to the practice of law until all ethics matters pending against him are concluded and until he complies fully with the Court's Orders filed June 6, 2001, March 8, 2002, April 26, 2002, and May 24, 2006; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.